UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-CR-72 CEJ |
| | ) | |
| JIM R. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Lewis M. Blanton for determination and recommended disposition, where appropriate. On October 3, 2011, Judge Blanton issued a Report and Recommendation with respect to the motion filed by defendant Jim R. Harris to suppress evidence and statements. The defendant filed timely objections to the magistrate judge's recommendation that his suppression motion be denied. The United States did not file a response to the defendant's objections.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections have been made. Specifically, the Court has reviewed the transcript of the evidentiary hearing and the exhibits received into evidence. In addition, the Court has considered the issues raised with respect to the credibility of the witnesses. Having done so, the Court concludes that the factual findings made by Judge Blanton are supported by the evidence, and that his legal conclusions are correct.

## I. Statements Made by the Defendant

### A. February 18, 2010 statements

The evidence establishes that on February 18, 2010, the defendant was properly advised of the Miranda warnings by Deputy Sheriff Jerry Bledsoe prior to giving a tape recorded statement. 2010. Miranda v. Arizona, 384 U.S. 436 (1966). During the tape recording, the defendant specifically acknowledged that he'd been advised of his rights to remain silent and to counsel and that he wished to waive them. The defendant also acknowledged that no threats or promises had been made to him. The defendant responded in an appropriate manner to questions that were asked of him and his mental faculties did not appear to be impaired. The discrepancy about whether or not Captain Gregg Ourth was in the interview room during the taping of the defendant's statements is immaterial, and does not detract from the credibility of Bledsoe's testimony about the Miranda warnings. The Court concludes that the defendant's statements on February 28, 2010, were made intelligently and voluntarily. These statements will not be suppressed.

### B. February 26, 2010 statements

Prior to the first interview on February 26, 2010, the defendant was advised of the Miranda warnings, both orally and in writing. The defendant stated that he understood his rights to remain silent and to counsel, and that he wished to waive them. Several hours after the first interview, the defendant requested another meeting with the law enforcement officers. Although the Miranda warnings were not re-administered, Ourth asked the defendant if he still understood his rights or if he

wanted them to be read to him again.  The defendant stated that he understood his rights.

The Court finds that the evidence supports the conclusion that the statements made by the defendant during the two interviews on February 26, 2010 were voluntary.  No threats or promises were made to the defendant.  Confronting the defendant with the evidence the police had against him does not constitute coercion or undue influence.  United States v. Wilson, 787 F.2d 375, 381 (8th Cir. 1986). Similarly, a truthful statement of potential penalties is not coercive.  Simmons v. Bowersox, 235 F.3d 1124, 1133 (8th Cir. 2001)[quoting United States v. Ballard, 586 F.2d 1060, 1063 (5th Cir. 1978)].  Indeed, the defendant clearly expressed his understanding that the officers couldn't promise him anything and that the sentencing decision would be made by a judge, not by the police.  Additionally, the officers told the defendant that the decision about whether he would be prosecuted in state court or in federal court would be made by the prosecuting attorney.  The defendant understood this.

The defendant asserts that his will was overborne by the fact that the police had interviewed him three times (on February 18, 19 and 22, 2010) during the week preceding the February 26 interviews.[1]  The defendant also argues that the coercion was compounded by the police officers telling the defendant that he faced a long period of incarceration if federal charges were brought against him.  The test for determining the voluntariness of a statement is "whether, in light of in light of the

---

[1] The government does not intend to offer into evidence the statements made by the defendant during interviews conducted on February 19 and 22, 2010.

totality of the circumstances, pressures exerted upon the suspect have overborne his will." United States v. Jorgensen, 871 F.2d 725, 729 (8th Cir. 1989) [citing Haynes v. Washington, 373 U.S. 503, 513-14 (1963)]. "Two factors must be considered in the voluntariness inquiry: the conduct of the law enforcement officials and the capacity of the suspect to resist pressure to confess." Id.

In the interviews that took place on February 18, 19 and 22, 2010, the police made no threats or promises to the defendant. Although the defendant made it clear that he hoped for a five-year sentence of imprisonment with drug treatment and a "30 to 40 year back up," he stated more than once that he knew the police would not make the sentencing decision and that they could not promise him anything. The defendant was not subjected to prolonged questioning. Each of the interviews prior to February 26 was less than one hour in length; two of them were less than 20 minutes long. Additionally, at the time of the interviews, the defendant was 50 years old, and he had multiple prior felony convictions. Thus, he was familiar with the criminal justice system. Finally, the fact that the defendant requested the second interview on February 26 is strong evidence that his will was not overborne. See Simmons, 235 F.3d at 1133 (factors to consider in determining whether defendant's will was overborne and whether defendant lacked capacity to resist police pressure).

Having considered the totality of the circumstances, the Court concludes that the defendant's statements on February 26, 2010 were voluntary.

### C. February 27, 2010 written statement

The evidence establishes that the defendant was advised of the Miranda warnings prior to giving a written statement on February 27, 2010. The defendant

understood that he had the right to remain silent and to counsel, and he waived those rights without any coercion by the police. The defendant had the opportunity to review the written statement and to make changes to it. The Court concludes that the written statement was made voluntarily.

## II. Search warrant

The Court has reviewed the affidavit submitted in support of the search warrant application. Based on the factual information the affidavit contains, there was "a fair probability" that evidence of a crime would be found in the defendant's residence. Illinois v. Gates, 462 U.S. 213, 238 (1983). The evidence seized pursuant to the search warrant will not be suppressed.

\* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the defendant's objections to the Report and Recommendation are **overruled**.

**IT IS FURTHER ORDERED** that the defendant's motion to suppress evidence and statements [Doc. 95] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2011.